## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SOUTHERN ROCK, INC.,** | § § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Case No. 3:10-CV-01924-K** |
| **PRECISION IMPACT RECOVERY, LLC; and INTERNATIONAL FIDELITY INSURANCE COMPANY,** | § § § § | |
| **Defendants.** | § § | |

## MOTION FOR DISQUALIFICATION
## OF COUNSEL FOR PRECISION IMPACT RECOVERY, LLC

Defendant, International Fidelity Insurance Company (the "Surety") files this its Motion for Disqualification of Counsel for Defendant Precision Impact Recovery, LLC ("Precision"), which is the firm of Robinson Biggs Ingram Solop & Farris, P.L.L.C. ("Robinson").  In support, the Surety respectfully states as follows:

## I.
## SUMMARY

1.      Recently, Robinson has informed the Surety that it intends to assert a position on behalf of Precision that is materially adverse to the interests of the Surety.  As Robinson previously served as counsel for the Surety in this litigation, the assertion of a position adverse to the Surety is in contravention of Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct.  Based on this conflict, a disqualification of Robinson as counsel for Precision is warranted.

## II.
## EVIDENCE

2.      In support of this Motion, and in addition to all pleadings on file, the Surety relies on the following evidence attached hereto in its *Appendix in Support*:

(1)    The Amended Affidavit of Brian Bragg dated September 17, 2010, and accompanying exhibits

## III.
## BACKGROUND

3.      Suit was filed by Southern Rock, Inc. (ōSouthern Rockö) on July 22, 2009, seeking in excess of $900,000 from Precision and the Surety relating to alleged non-payment for work on a project located in Navarro County, Texas.[1]

4.      The Surety offered Precision the opportunity to have its designated counsel defend the Surety in the suit by Southern Rock and avoid having to pay fees of separate counsel for the Surety that would have been owed by Precision under an *Agreement of Indemnity*.[2] The terms and conditions out representation were detailed in a *Tender Agreement*, which was executed by Precision and tender counsel, Robinson.[3]

5.      On August 27, 2010, the Surety filed a *Motion for Substitution of Counsel*.[4] The request for substitution of counsel was based on the revocation of Robinson as tender counsel upon a discovery by the Surety that defenses and affirmative claims had not been adequately asserted by Robinson.[5] Substitution of counsel was granted by the Court on August 30, 2010.[6]

---

[1]  Cause No. 3:09-CV-1375-K, in the U.S. District Court for the Northern District of Texas (Dkt. 1)

[2]  App. 3, ¶ 5; App. 8-16

[3]  App. 3, ¶ 5; App. 17-21

[4]  Cause No. 09-925, in the Western District of Oklahoma; Dkt. 63

[5]  *Id.*, ¶¶ 5-9; *see also* App. 4-5, ¶¶ 11-12

[6]  Cause No. 09-925, in the Western District of Oklahoma ; Dkt. 71

6.      On the Friday afternoon before the Labor Day holiday, Robinson requested that the Surety direct it as to whether a conflict of interest existed in this matter warranting disqualification; a response was demanded by the next business day.  After the holiday, and after considering the request of Robinson, the Surety responded by notifying Robinson that the representation of Precision was subject to the Rules of Professional Conduct and that the Surety was not in a position to determine at that time whether a conflict of interest existed.

7.      This was because at that time, Precision and/or Robinson had not yet asserted a position materially adverse to the Surety.  Recently, and for the first time during the course of this litigation, the Surety has been notified that Robinson intends to assert a position on behalf of Precision that is materially adverse to the interests of the Surety.[7]  In addition, and given the statements contained in correspondence from Robinson, it is possible that the Surety may have affirmative claims against Robinson relating to the services provided as tender counsel, *inter alia*, which would thus give rise to a conflict.

## IV.
## ARGUMENTS AND AUTHORITIES

8.      The Northern District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct as the standard governing attorney conduct.  *See* N.D. Tex. Loc. R. 83.8(e); *see also Classic Ink, Inc. v. Tampa Bay Rowdies*, 2010 WL 2927285, *2 (N.D. Tex. July 23, 2010).  Although ö the Texas Rules are not the sole authority governing a motion to disqualify, . . . with respect to Rule 1.09 of the Texas Rules and its Rule 1.9 analog in the Model Rules, however, the application of each rule produces the same result.ö *Id.* at n.1 (internal quotations omitted).

---

[7] The correspondence in question is not attached given the nature of the document.  The Surety will of course forward to the Court for an *in camera* review if this would aid the Court.

9.      Bearing this in mind, Rule 1.09 of the Texas Disciplinary Rules of Professional

Conduct is relevant to a conflict in this matter, and provides as follows:

> (a) Without prior consent, a lawyer who personally has formerly represented a
> client in a matter shall not thereafter represent another person in a matter adverse
> to the former client . . . (3) if it is the same or a substantially related matter.

V.T.C.A., Govt. Code T. 2, Subt. G App. A, Art. 10, § 9, Rule 1.09.

10.      "Where an issue of prior representation is involved, the Fifth Circuit applies a

substantial relationship test, to wit:

> "A party seeking to disqualify opposing counsel on the ground of a former representation
> must establish two elements: (1) an actual attorney-client relationship between the
> moving party and the attorney he seeks to disqualify and (2) a substantial relationship
> between the subject matter of the former and present representations."

*Carbo Ceramics, Inc. v. Norton-Alcoa Proppants*, 155 F.R.D. 158, 161 (N.D. Tex. 1994)

(quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992)).

11.      Given the undisputed previous representation of the Surety by Robinson in this

litigation, the first element is met.  With respect to the latter element, it is satisfied on its face as

the representation of the Surety by Robinson occurred in this litigation. *See Id.* ("The task of

deciding whether a substantial relationship exists . . . is not present in the instant motion since the

representation at issue relates to the same lawsuit.").[8]  As Robinson has informed the Surety that

it intends to assert a position on behalf of Precision that is materially adverse to the interests of

the Surety in this litigation, disqualification of Robinson is warranted based on its prior

representation of the Surety in this lawsuit.[9]

---

[8] As a sister Court further noted, "it is beyond dispute that an attorney is prohibited from accepting representation adverse to a former client if the subject matter of the current representation is substantially related to the subject matter of the former representation . . . It is also rooted in traditional notions of common sense and fundamental fairness." *Islander E. Rental Program v. Ferguson*, 917 F. Supp. 504, 508-09 (S.D. Tex. 1996) *aff'd in part sub nom. Islander E. Rental Program v. Barfield*, 145 F.3d 359 (5th Cir. 1998).

[9] It should also be noted that "once the movant proves that the matters are substantially related, the court will irrebuttably presume that relevant confidential information was disclosed during the former representation," thus

12.     While the Surety would have expected that Robinson would have notified the Court of the conflict of interest created by its intended assertion of a position materially adverse to the Surety several weeks ago, this has not occurred.  The Surety thus seeks a disqualification of Robinson as counsel for Precision at this time pursuant to Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct.[10]

## REQUEST FOR RELIEF

13.     For the foregoing reasons, Defendant International Fidelity Insurance Company respectfully requests that the Court disqualify Robinson, Biggs Ingram Solop & Farris, P.L.L.C. as counsel for Defendant, Precision Impact Recovery, LLC based on a conflict of interest.  The Surety further requests any and such other relief to which it may be justly entitled.

Respectfully submitted,

**LANGLEY WEINSTEIN LLP**

By:___**/s/ Brandon K. Bains**_____
         Keith A. Langley
         State Bar No. 11919500
         Brandon K. Bains
         State Bar No. 24050126
         901 Main Street, Suite 600
         Dallas, Texas 75202
         214-722-7160
         214-722-7161 (Fax)
         klangley@lwllp.com
         bbains@lwllp.com

**ATTORNEYS     FOR     INTERNATIONAL FIDELITY INSURANCE COMPANY**

---

further warranting disqualification of Robinson in this matter. *City of El Paso v. Salas-Porras Soule*, 6 F. Supp. 2d 616, 623 (W.D. Tex. 1998) (citing *American Airlines*, 972 F.2d at 614; *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1028 (5th Cir.1981)).

[10] The Surety does not seek a disqualification of local counsel for Precision. *See* Dkt. 56.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following counsel of record via electronic transmission on this the 16th day of November, 2010:

Evan B. Gatewood
HAYES MAGRINI & GATEWOOD
1220 N. Walker Avenue
Post Office Box 60140
Oklahoma City, Oklahoma 73146-0140

Robert C. Smith, Jr.
Monnet, Hayes, Bullis, Thompson & Edwards
120 N. Robinson, Suite 1719
Oklahoma City, Oklahoma 73102

Christopher Solop
Brenda Redfern
Robinson Biggs Ingram Solop & Farris P.L.L.C.
111 East Capitol Street, Suite 101
Jackson, Mississippi 39236-4028

　　　　　　　　　　　　**/s/ Brandon K. Bains**
　　　　　　　　　　　　Brandon K. Bains


## CERTIFICATE OF CONFERENCE

This will certify that a conference was had with counsel for Defendant, Precision Impact Recovery, LLC, Christopher Solop, with respect to the above on October 8, 2010, and agreement could not be reached.  Therefore, it is presented to the Court for consideration.

　　　　　　　　　　　　**/s/ Brandon K. Bains**
　　　　　　　　　　　　Brandon K. Bains