IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the Use and Benefit of SOUTHERN ROCK, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:10-CV-1924-K |
| PRECISION IMPACT RECOVERY, LLC, et al. | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant International Fidelity Insurance Company's ("Int'l Fidelity") Motion for Disqualification of Counsel for Defendant Precision Impact Recovery, LLC (Doc. No. 64). The Court has considered the motion, the response, the reply, and the applicable law. Int'l Fidelity has demonstrated that: (1) it is a former client of the law firm Robinson Biggs Ingram Solop & Farris, P.L.L.C. ("Robinson Biggs"); (2) Robinson Biggs currently represents Precision Impact Recovery, LLC ("Precision Impact") in the same or substantially similar matter as the former representation; (3) Int'l Fidelity's interests are adverse to Precision Impact; and (4) all parties have not consented to the dual representation. Accordingly, the motion is **GRANTED** for the reasons stated herein.

I.      Background

This case has a complicated history. It arises out of a dispute between a general contractor, Precision Impact and its subcontractor, Southern Rock, Inc. ("Southern Rock") on construction work performed in Navarro County, Texas. Precision Impact was required to post a performance bond under the Miller Act, 40 U.S.C. § 3131 *et seq.*, which was guaranteed by its surety, Int'l Fidelity. In July of 2009, Southern Rock asserted several claims, including ones under the Miller Act, against both Precision Impact and Int'l Fidelity. Precision Impact retained the lawyers of Robinson Biggs as its attorneys. Int'l Fidelity tendered its defense to Precision Impact at the beginning of the lawsuit, allowing Precision Impact and Robinson Biggs to represent Int'l Fidelity's interests in the case.

The case proceeded normally until late April 2010, when it was transferred to the Western District of Oklahoma to join a sister case with similar facts and containing many of the same parties. The case was set for trial in Oklahoma and negotiations towards a settlement continued. Up to this point, Precision Impact and Int'l Fidelity were both being represented by Robinson Biggs as co-defendants.

In August of 2010, Robinson Biggs disclosed to Int'l Fidelity that a potential conflict of interest had arisen between Int'l Fidelity and Precision Impact. As settlement negotiations were nearing an agreement, Precision Impact had informed Robinson Biggs that it could not fund the potential settlement. In response to this news, Int'l Fidelity

withdrew its tender of defense, obtained new counsel, and moved to transfer the case back to Texas.

When it returned to Texas in September 2010, Int'l Fidelity filed a motion for leave to amend its answer and assert new defenses, cross claims, and a third-party complaint. The new amendments proposed to assert claims against Precision Impact and its principals, and included allegations that dealings between Precision Impact and Southern Rock had not exactly been above board. This motion was denied as untimely in November 2010 because Int'l Fidelity had failed to amend within the time prescribed by the scheduling order and did not show good cause for the failure. *See* Doc. No. 62.

Within roughly a week of that order, on November 16, 2010, Int'l Fidelity filed this motion to disqualify Robinson Biggs, which had continued representing Precision Impact after withdrawing as counsel for Int'l Fidelity. This motion is the sequel to one filed just before this case was transferred back to Texas in September 2010. The original motion sought to disqualify Robinson Biggs on the same grounds, representing interests adverse to a former client, but was not ruled upon by the Oklahoma district court before transfer was granted.

## II. Legal Standards for a Motion to Disqualify

When considering a motion to disqualify, a federal district court must first look to the local rules promulgated by the court itself. *In the Matter of: Proeducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009). A judge in the Northern District of Texas may take

disciplinary action against an attorney for a number of reasons, N.D. Tex. Civ. R. 83(b), including "unethical behavior," which is defined as violations of the Texas Disciplinary Rules of Professional Conduct ("the Texas Rules"). N.D. Tex. Civ. R. 83.8(e). The Fifth Circuit Court of Appeals has recognized the American Bar Association Model Rules of Professional Conduct ("the Model Rules") as the national standard to consider in reviewing motions to disqualify. *In re Am. Airlines*, 972 F.2d 605, 612 (5th Cir. 1992). Despite small linguistic differences, "the two codes produce the same result in application." *Proeducation*, 587 F.3d at 301 (comparing Texas Rule 1.09 and Model Rule 1.9). Therefore, this Court will apply both the Texas Rules and the Model Rules to resolve this motion. *Id*. at 299 (applying both the Texas Rules and the Model Rules for a motion to disqualify).

## III.  Analysis

A court must be sensitive to conflicts of interest, and is obliged to take action against unethical conduct in connection with matters before it. *Proeducation*, 587 F.3d at 299–300. When considering a motion to disqualify, a court must decide if the conflict has (1) the appearance of impropriety in general or (2) the possibility that a specific impropriety will occur, and (3) whether the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

Int'l Fidelity argues that Robinson Biggs should be disqualified because Robinson Biggs had previously represented Int'l Fidelity in this case and is now representing Precision Impact adverse to Int'l Fidelity in the same matter, in violation of Texas Rule 1.09 and Model Rule 1.9. Without prior consent, a lawyer may not represent a party in a manner adverse to a former client in the same or substantially similar matter as the former representation. Tex. Gov't Code Ann., tit. 2, subtit. G, app. A, Art. 10, § 9, Rule 1.09(a)(3) (Vernon 2005); Model Rules of Prof'l Conduct R. 1.9 (2010). The goal of the rule is to prevent an attorney from being placed in a position, even unconsciously, where he must choose between zealously representing a new client and safeguarding the confidences of a prior, privileged relationship. *See Cochran v. Cochran*, 333 S.W.2d 635, 643 (Tex. Civ. App.—Houston 1960, writ ref'd n.r.e.).

Initially, Int'l Fidelity must show that: (1) an actual attorney-client relationship existed between itself and Robinson Biggs and (2) there is a substantial relationship between the former and present representations. *In re Am. Airlines*, 972 F.2d at 614; *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 627–28 (Tex. App.—Austin 1992, writ denied). Both of these elements are met. It is undisputed that Robinson Biggs previously represented Int'l Fidelity before this Court in the same case. This establishes as a matter of law that confidences and secrets were imparted to Robinson Biggs by Int'l Fidelity. *HECI Exploration*, 843 S.W.2d at 628.

Int'l Fidelity has demonstrated that it was a former client of Robinson Biggs and that there is a substantial relationship between Robinson Bigg's present representation of Precision Impact and the former representation of Int'l Fidelity. Int'l Fidelity must also show that the parties are adverse. "Adversity. . .is a product of the likelihood of risk. . .and the seriousness of its consequences." *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 50 (Tex. 1998). The Texas Supreme Court in *EPIC* determined that a corporation's interests were adverse to a plaintiff when: (1) the corporation had originally been a named defendant in the lawsuit, but was eventually dismissed and (2) the corporation was obligated to pay the legal fees of one of the corporation's directors, still a defendant in the case. *Id*. at 46–50. Though unsuccessful, Int'l Fidelity has attempted to assert claims against Precision Impact in this case. *See* Doc. No. 62 (denying Int'l Fidelity's motion for leave to amend). Int'l Fidelity is obligated, through its surety agreement, to pay Southern Rock if Precision Impact is found liable. Thus, we have a similar situation to the one presented in *EPIC*: (1) there are no claims asserted between Precision Impact and Int'l Fidelity, but there was a prior threat of litigation and (2) Int'l Fidelity retains a financial interest in the outcome of the lawsuit. Certainly, the fact that Int'l Fidelity has filed this motion and seeks to disqualify Robinson Biggs based upon a conflict of interest between the two co-defendants is probative of adversity. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266. This Court finds that Int'l Fidelity's interests are adverse to Precision Impact's interests.

Comments to ethical rules may be used as guides to their application. *See, e.g., Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 35 (Tex. 2008)(utilizing comments to interpret the Texas Rules). A comment to Texas Rule 1.09 states that the rule prevents attorneys from, among other things, representing a party if there is a reasonable probability that it would cause the lawyer to violate the confidentiality requirements of Texas Rule 1.05. Tex. Gov't Code Ann., tit. 2, subtit. G, app. A, Art. 10, § 9, Rule 1.09(a)(3), Comment 4 (Vernon 2005). Another comment to Texas Rule 1.09 prohibits switching sides during a pending matter and representing another party with interests adverse to the former client. *Id*. at Comment 4A. A comment to Model Rule 1.9 states that a lawyer who has represented multiple clients in a matter may not represent one of the clients against the others in a same or substantially related matter. Model Rules of Prof'l Conduct R. 1.9, Comment 1 (2010).

It is established as a matter of law that Robinson Biggs possesses confidential information about Int'l Fidelity's position in this case. *See HECI Exploration*, 843 S.W.2d at 628. That confidential information would be useful in representing Precision Impact's interests here, not to mention in the future when Int'l Fidelity may or may not attempt to assert other claims against Precision Impact. Both the comments to Texas Rules and the Model Rules prohibit the representation here, where Robinson Biggs, previously the lawyer for two cooperating defendants, is caught in the middle now that the two defendants have turned hostile towards each other.

Robinson Biggs argues that there are other relevant circumstances. Robinson Biggs asserts Int'l Fidelity has waived any argument for disqualification. *See Vaughn v. Walther*, 875 S.W.2d 690, 691 (Tex. 1994)(denying a motion to disqualify as untimely). Int'l Fidelity did not file this motion immediately upon returning to the Northern District of Texas. This Court ordered all parties to resubmit pending motions in the Western District of Oklahoma once this case returned in September 2010. Doc. No. 52. A motion was pending concerning disqualification prior to the transfer back to Texas, *see* Precision Impact's Resp., Exh. 3, and was not re-urged in this Court for seven weeks following the transfer. It wasn't until this Court denied Int'l Fidelity's motion to amend that this motion to disqualify was filed. *See* Doc. Nos. 62, 64. However, waiting seven weeks to file the motion to disqualify does not rise to the level of waiver. *See, e.g., Vaughn*, 875 S.W.2d at 691 (holding six and a half months is sufficient for waiver).

Another consideration, Robinson Biggs asserts, is that attempts to retain new counsel for Precision Impact have failed because of Precision Impact's "questionable ability to pay." Resp. at ¶ 9. As a consequence of its corporate form, Precision Impact may not represent itself *pro se*. *Sw. Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.3d 53, 56 (5th Cir. 1982). Though this Court is concerned about Precision Impact's ability to obtain new counsel, *see 7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2009 WL 4723199 at *3 (N.D. Tex. Dec. 2, 2009)(Boyle, J.)(citing *Grace v. Bank Leumi Trsut Co.*, 443 F.3d 180, 192 (2d Cir. 2006))(recognizing the ability of a court to enter a default against a

corporation when it has failed to retain counsel), potential, even likely, problems for Precision Impact must be balanced against certain ethical violations if Robinson Biggs continues to represent Precision Impact. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995)(all relevant facts and ethical criteria must be considered). The appearance of impropriety is too great to allow Robinson Biggs to continue representing Precision Impact, even if Precision Impact is having trouble identifying and retaining new counsel.

IV. Conclusion

Int'l Fidelity has demonstrated that it is a former client of Robinson Biggs, Precision Impact is a current client of Robinson Biggs, there is a substantial relationship between the two representations, the parties are adverse, and there is no consent to the conflict. An examination of the comments to both Texas Rule 1.09 and Model Rule 1.9 supports disqualification. Therefore, the motion is **GRANTED**.

**SO ORDERED.**

Signed February 14th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE